_____
# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION
_____

| | |
|---|---|
| V VECTOR, INC., a Utah corporation, EXAMPLE TECHNOLOGIES, LLC, a Utah limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>THE TAX CLUB, INC., a Utah corporation; MANHATTAN PROFESSIONAL GROUP, INC., a New York corporation; 5410, Inc., a Wyoming corporation, 6015, LLC, a Wyoming limited liability company, SKORPIOS HOLDINGS, INC., BRENDON A. PACK, an individual, MICHAEL M. SAVAGE, an individual, and DOES 1-50,<br><br>Defendants. | **ORDER GRANTING PLAINTIFFS' SECOND MOTION TO COMPEL DISCOVERY**<br><br><br>Civil No.:  2:12-cv-01027-DB-BCW<br><br>Judge:      Dee Benson<br><br>Magistrate: Brooke C. Wells |

Before the Court is Plaintiffs V Vector, Inc. and Example Technologies, LLC's ("Plaintiffs") Second Motion to Compel Discovery.[1] The Court has considered the Second Motion to Compel Discovery, the opposition filed by Defendants The Tax Club, Inc., *et al*. ("<u>Defendants</u>")[2], the reply memorandum filed by Plaintiffs[3] and the exhibits filed with these motions and memoranda. Further, the Court has considered the arguments of counsel made during the telephonic hearing on May 20, 2014 before the undersigned.[4] Based upon the foregoing the Court finds and ORDERS as follows:

---
[1] Docket no. 81.
[2] Docket no. 92.
[3] Docket no. 95.
[4] Docket no. 99.

## FINDINGS OF FACT

1. On February 4, 2014, Plaintiffs served their Third Set of Discovery Requests upon Defendants in this case. Therein, Plaintiffs included three interrogatories and one request for production of documents.

2. At issue in the motion before the Court are Interrogatory No. 9 and Request for Production No. 18 from that Third Set of Discovery Requests. Therein, Plaintiffs requested information concerning between 157 and 205[5] Utah consumers. These discovery requests were substantially narrower than previous requests submitted by Plaintiffs.

3. Defendants objected to providing the requested information on the grounds that it was overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

4. Specifically, Defendants asserted in their opposition memorandum that the discovery was only relevant to Plaintiffs' claim under the Utah E-Commerce Integrity Act ("UEICA"), Utah Code Ann. § 13-40-101, *et seq*., which, Defendants asserted, was not a viable claim. In response, Plaintiffs asserted that the litigation of a motion to compel was not the appropriate time for the Court to make a determination on the merits of a claim and that, even if it was, the UEICA was a viable claim.

5. Defendants further asserted in their opposition memorandum that responding to the requested discovery imposed an undue burden in that it "would take a substantial amount of time, requiring the Defendants to work with their database administrator to cull appropriate files

---

[5] While the parties disputed the exact number of consumers about which information was requested, the Court does not find this dispute relevant to the determination of the motion.

from more than a million records." In response, Plaintiffs asserted that the Defendants had not met their burden to withhold discoverable information and that the burden stated by Defendants' Rule 30(b)(6) witness was more limited than Defendants now assert.

6. The Court further notes that this motion is the fourth time the parties have been before the Court for discovery matters in this case, and Defendants have shown a pattern of refusals to respond to discovery based upon repeated claims of undue burden.

## CONCLUSIONS OF LAW

7. Parties are entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense" so long as it is "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

8. The UEICA claim exists as an active claim in Plaintiffs Second Amended Complaint. Accordingly, Plaintiffs are entitled to discovery "regarding any nonprivileged matter that is relevant" to that claim. *See id.* To the extent Defendants wish to argue that the UEICA claim is not viable, they may address that matter with the Court on a motion for summary judgment, but it is not a defense to discoverability. The Court expresses no opinion on the merits of the claim at this time.

9. As to the Defendants' argument as to undue burden, the party resisting discovery based upon an undue burden has the burden to show that its objection to the discovery should be sustained. *See Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 666 (D. Kan. 2004).

10. Here, the Court finds that Defendants have not met their burden to resist the discovery requested. They have shown no reason why it would be undue or otherwise beyond their ability to comply with the discovery requests at issue.

11. Finally, Fed. R. Civ. P. 37(a)(5)(A) provides for the imposition of reasonable expenses, including attorneys fees, in connection with motions under Fed. R. Civ. P. 37. It states:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) The opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

12. The Court finds that none of the exceptions listed in Fed. R. Civ. P. 37(a)(5)(A) applies, and that reasonable expenses, including attorneys fees, for this motion only, should be assessed against Defendants.

## **ORDER**

13. The Court has considered Defendants' objections to the proposed order submitted by counsel for the Plaintiffs.[6] However, the Court HEREBY ADOPTS the proposed order submitted to the Court by Defendants' counsel as submitted.

Therefore, for the foregoing reasons:

14. Plaintiffs' Second Motion to Compel Discovery[7] is **GRANTED**.

15. Defendants shall respond completely to Interrogatory No. 9 and Request for

---

[6] See docket no. 101.
[7] Docket no. 81.

Production No. 18 of Plaintiffs' Third Set of Discovery Requests and produce all documents responsive thereto on or before June 19, 2014.

16. Counsel for Plaintiffs is directed to submit an affidavit of attorney's fees on or before June 3, 2014, to allow the Court to determine the amount of the attorney's fee award.

DATED this 5 June 2014.

_____
Brooke C. Wells
United States Magistrate Judge